050598/20908/REN/MHW

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| RODNEY BRAZELTON, <br><br> Plaintiff, <br><br> v. <br><br> WELLPATH, LLC; CHRIS WATKINS; SUSAN BROBSTON; SALLY FOLEY; SHAMAILA GORSI; CARRIE JOANNE ROE; JANA HUSTON; PATRICIA RICE; ERIN O'MALLEY; SUSAN GILLES; EMILY DAWSON; LISA STOUT; MICHELLE NEWMAN; MORGAN RENEE ABRAHAM; PATRICIA EDDLEMON; BRITTANY VANFLEET; DEANDRA SNODDY, and PEORIA COUNTY, <br><br> Defendants. | Case Number 1:22-cv-01324 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Karen L. McNaught |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant, WELLPATH, LLC, by and through its attorney, Joy C. Syrcle of CASSIDAY SCHADE LLP, and for its Memorandum of Law in Support of Motion to Dismiss or Strike Paragraph 61 of the Complaint. In support, Defendant state as follows:

### BACKGROUND

On September 20, 2022, Plaintiff, Rodney Brazelton, filed his Complaint against Defendants Sheriff Chris Watkins, Peoria County, Wellpath LLC and fourteen Wellpath current or former employees alleging violations of Plaintiff's Fourth and Fourteenth Amendment rights arising out of treatment of Plaintiff's hypertension during the initial days of Plaintiff's detention in the Peoria County Jail. [Doc. 1]. In Count I, Plaintiff alleges failure to provide medical care in violation of the Plaintiff's Fourth and/or Fourteenth Amendment Rights against all Individual Defendants. In Count II, Plaintiff failure to intervene against all Individual Defendants. In

Count III, alleges a *Monell* claim under 42 U.S.C. §1983 against Wellpath and Sheriff Watkins. In Count IV, Plaintiff alleges negligence under Illinois law against all Defendants. In Count V of the Complaint purports to allege a claim against Wellpath under *respondeat superior* for the acts of its employees. In Paragraph 61 within Count V, Plaintiff claims a right to recovery for vicarious liability pursuant to 42 USC §1983. [Doc. 1, ¶61]. However, because vicarious liability is not a basis for relief under §1983, paragraph 61 fails to state a claim upon which relief can be granted and should be dismissed or stricken from Plaintiff's Complaint.

## ARGUMENT

A.   **Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that *Twombly's* pleading principles apply in all civil actions).

B.   **Paragraph 61 Fails to State a Claim Upon Which Relief Can Be Granted**

Paragraph 61, alleged against Wellpath LLC, should be segregated from Count V and dismissed or stricken because *respondeat superior* is not a viable theory under §1983. The law in the Seventh Circuit treats a private corporation performing governmental functions such as Wellpath as a municipality under §1983. *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). There is no *respondeat superior* liability for private corporations under §1983.

2

*Shields v. Illinois Department of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). In other words, Wellpath cannot be liable under §1983 for the misdeeds of employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Instead, Wellpath can only be liable for an unconstitutional policy or practice that allegedly caused a constitutional deprivation. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Palka v. City of Chicago,* 662 F.3d 428, 434 (7th Cir. 2011). Plaintiff alleges a separate *Monell* claim.

Here, in Count V Plaintiff seeks to hold Defendant Wellpath vicariously liable for the acts of its employees in relation to both state law claims and claims brought under federal law pursuant to 42 U.S.C. §1983. In Paragraph 61, Plaintiff expressly states "Defendant Wellpath . . . should additionally be held liable under 42 U.S.C. §1983 for the conduct of its employees acting within the scope of their employment." [Doc. 1, ¶61]. In a footnote, Plaintiff recognizes the *respondeat superior* liability under §1983 does not exist under current law. [Doc. 1, p. 13, fn. 1]. While Defendants acknowledge a claim of *respondeat superior* exists as to state law claims, Paragraph 61 is a separate theory of recovery not properly included within Count V. Paragraph 61 should be segregated as a separate claim and dismissed or stricken from Plaintiff's Complaint.

## CONCLUSION

In Paragraph 61, Plaintiff expressly attempts to bring a *respondeat superior* claim under §1983, while acknowledging such claim is not recognized in law. Plaintiff should not be allowed to proceed with Paragraph 61 included within Count V. Paragraph 61 should be segregated and dismissed or stricken.

3

1:22-cv-01324-SEM-KLM   # 33   Page 4 of 5

Respectfully submitted,

CASSIDAY SCHADE LLP

By:   /s/ Joy C. Syrcle
     One of the Attorneys for Defendants,
     WELLPATH, LLC

Joy C. Syrcle
ARDC No. 6302066
CASSIDAY SCHADE LLP
3100 Montvale Drive
Springfield, IL 62704
(217) 572-1714
(217) 572-1613 (Fax)
jsyrcle@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Sarah Grady
Howard Kaplan
Kaplan & Grady LLC
1953 North Clybourn Avenue
Suite 274
Chicago IL 60614
312.852.2184
sarah@kaplangrady.com
howard@kaplangrady.com
Sarah Brodwolf, Paralegal
brodwolf@kaplangrady.com

/s/ Joy C. Syrcle

11275619