UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **RODNEY BRAZELTON,** )<br>　**Plaintiff,** )<br>) | |
| **v.** ) | Case No. 1:22-cv-01324-SEM |
| ) | |
| **WELLPATH, LLC** *et al.*, )<br>　**Defendants.** ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is Motion to Dismiss (Doc. 24) filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants Chris Watkins and Peoria County. Defendant Wellpath, LLC ("Wellpath") has also filed a Motion to Dismiss/Strike Paragraph 61 of Plaintiff's Complaint (Doc. 32). Plaintiff has responded (Docs. 38, 39).

The Court grants Defendant Wellpath's Motion to Dismiss but grants in part and denies in part the Motion to Dismiss filed by Defendants Watkins and Peoria County for the following reasons.

## I. Background

On September 11, 2020, Plaintiff Rodney Brazelton, who currently resides in Chicago, Illinois, entered Peoria County Jail ("Jail"), where his blood pressure was taken as part of his initial processing. The test revealed a blood pressure reading of 183 systolic over 115 diastolic, indicating Stage 2 hypertension. Plaintiff was placed in a cell where he did not receive medical attention despite his requests for care. On September 23, 2020, Plaintiff suffered a stroke. (Doc 1 at 1:1, 2:2-6.)

In September 2022, Plaintiff filed a six-count Complaint alleging constitutional and state law violations against the following Defendants: Peoria County Sheriff Watkins in his official capacity; Health Services Administrator Sally Foley; Dr. Samantha Gorsi; Nurse Practitioners Jana Hudson, Patricia Rice, and Joanne Roe; Nurses Morgan Renee Abraham, Susan Brobston, Emily Dawson, Patricia Eddlemon, Susan Gilles, Michelle Newman, Erin O'Malley, Deandra Snoddy, Lisa Stout, and Brittany Vanfleet; Wellpath; and Peoria County.

## II.   Defendants' Motions to Dismiss

### A. Applicable Standard

A complaint must state a plausible claim to survive a motion to dismiss filed under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

The court employs a two-step process to determine whether a pleading survives a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 679 ("Our decision in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] illustrates the two-pronged approach."). Initially, pleadings

alleging "no more than conclusions are not entitled to the assumption of truth." *Id.* The court then considers whether the remaining facts "'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (applying the Rule 12(b)(6) motion to dismiss standard to dismissals under 28 U.S.C. § 1915A). The Seventh Circuit has "interpreted the plausibility standard to mean that 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

### B. Analysis

#### 1. *Monell* Claim

In *Monell v. Dept. of Social Serv. of New York*, the Supreme Court held that municipalities may be sued for damages under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or

decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. 658, 690-91 (1978). "[T]he *Monell* theory of municipal liability applies in § 1983 claims brought against private companies that act under color of state law." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016).

In *Dean v. Wexford Health Sources, Inc.*, the Seventh Circuit stated the elements of a *Monell* claim as follows:

> [A] § 1983 plaintiff must always show that he was deprived of a federal right. Beyond that, the plaintiff must trace the deprivation to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself. There are at least three types of municipal action that may give rise to municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Inaction, too, can give rise to liability in some instances if it reflects a conscious decision not to take action. Next, the plaintiff must show that the

> policy or custom demonstrates municipal fault, i.e., deliberate indifference. This is a high bar. If a municipality's action is not facially unconstitutional, the plaintiff must prove that it was obvious that the municipality's action would lead to constitutional violations and that the municipality consciously disregarded those consequences. Finally, the plaintiff must show that the municipal action was the moving force behind the federal-rights violation. This rigorous causation standard requires a direct causal link between the challenged municipal action and the violation of the plaintiff's constitutional rights.

18 F.4th 214, 235 (7th Cir. 2021) (internal quotation marks and citations omitted).

Defendant Watkins occupies a unique position under Illinois law as the elected Sheriff of Peoria County. "[T]he lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998). Thus, Plaintiff's *Monell* claim against Watkins in his official capacity only proceeds against Peoria County Sheriff's Office.

In *DeGenova v. Sheriff of DuPage County*, the Seventh Circuit noted that under Illinois law, "the Sheriff is an independently-elected constitutional officer" and thus, "within the sheriff's prescribed range of activity, he and not some legislative-type body is at the apex of the governmental pyramid. 209 F.3d 973, 976 n.2 (7th Cir. 2000). "Therefore, the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity." *Id.*

Plaintiff alleges that Defendant Watkins contracted with Defendant Wellpath to provide medical services to detainees. Under the contractual terms, Watkins delegated final policymaking authority to Wellpath over "policies, practices, and procedures regarding the provision of medical care to detainees at the … Jail." (Doc. 1 at 10:47.)

Defendant Watkins moves to dismiss Plaintiff's *Monell* claim alleged in Count III of this Complaint for failure to state a claim for relief. Initially, Watkins asserts Plaintiff cannot show an underlying constitutional violation requisite to raising a *Monell* claim.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff alleges that over twelve days, Defendants failed to provide him adequate medical care for his dangerously high blood pressure despite his pleas, which resulted in him suffering a stroke. The Court finds that Plaintiff's pleadings are sufficient to state a plausible deliberate indifference claim to Plaintiff's serious medical needs, as Plaintiff has alleged in Count I of his pleading, which provides the requisite foundation for Plaintiff's alleged *Monell* claim.

Defendant Watkins next claims that Plaintiff's allegations concern only the policies of Defendant Wellpath, an independent

contractor. In *Daniel v. Cook County*, the Cook County Sheriff's Office argued that it was not liable under *Monell* for the plaintiff's injuries because it was not responsible for the plaintiff's medical care. 833 F.3d 728, 737 (7th Cir. 2016). The Seventh Circuit rejected the contention that an independent contractor was solely responsible for providing medical treatment to detainees, concluding that a government entity "cannot shield itself from § 1983 liability by contracting out its duty to provide medical services." *Id.* (internal quotation marks and citations omitted.); *see also King v. Kramer*, 680 F.3d 1013, 1020 (7th Cir. 2012) (holding that a governmental entity "cannot shield itself from § 1983 liability by contracting out its duty to provide medical services").

Defendant Watkins' also asserts that Plaintiff's allegations are confined to a single incident, that is—Plaintiff's injury, which cannot substantiate a *Monell* claim for a widespread practice that is so permanent and well-settled that it constitutes a custom or practice. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage, ... a plaintiff pursuing [a *de facto*

custom] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.")

Contrary to Defendant Watkins' assertion, Plaintiff alleges Defendants Wellpath and Watkins had notice of the policies and practices by which medical staff (1) failed to conduct adequate intake assessments, (2) failed to respond appropriately to emergent or urgent issues presented during intake assessments, (3) failed to provide assessments or medication for detainees who required such care to manage severe medical conditions, (4) failed to respond detainees' requests for medications or medical attention appropriately, and (5) prohibited medical staff from contacting emergency medical services when necessary. (Doc. 1 at 11:48.)

Although, as earlier noted, Plaintiff has a high burden to satisfy, the Court concludes that at this pleading stage, Plaintiff's assertions are sufficient to state a *Monell* claim against Defendant Watkins, in his official capacity, under the standard set by Rule 8(a). *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining

that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of").

Therefore, Defendant Watkins' Motion to Dismiss Count III of Plaintiff's Complaint is denied.

### 2. Plaintiff's State Law Negligence Claim

"To establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Buechel v. United States*, 746 F.3d 753, 763–64 (7th Cir. 2014) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)).

Defendants Watkins and Peoria County move to dismiss the state law negligence claim Plaintiff alleges in Count IV of his Complaint. Specifically, Defendants assert the allegations in Plaintiff's complaint establish that his injuries were caused by the breach of duty of care by Wellpath employees only. In this regard, Defendants note that Plaintiff does not assert Watkins, nor Peoria

County were responsible for the medical decisions that allegedly caused Plaintiff's stroke.

"A defendant's conduct is a 'cause in fact' of the plaintiff's injuries only if that conduct is a material element and a substantial factor in bringing about the injury." *Buechel v. United States*, 746 F.3d 753, 764 (7th Cir. 2014) (quoting *Abrams v. City of Chicago*, 811 N.E.2d 670, 675 (Ill. 2004)). "A defendant's conduct is a material element and a substantial factor in bringing about injury if, absent that conduct, the injury would not have occurred." *Buechel*, 746 F.3d at 764 (citing *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1072 (Ill. 1999)).

"On the other hand, legal cause is largely a question of foreseeability." *Buechel*, 746 F.3d at 764 (citing *Abrams*, 811 N.E.2d at 675). "The relevant inquiry is whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *Buechel*, 746 F.3d at 764 (7th Cir. 2014) (citing *First Springfield Bank & Trust*, 720 N.E.2d at 1072.

The Court agrees that Peoria County is not liable because

although Illinois sheriffs may be agents of their county, they are not subject to their county's control. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989) (holding that plaintiff could not maintain § 1983 action against Cook County for policies, practices, and customs of Sheriff of Cook County related to Cook County Jail); *see also Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994) ("The county is given no authority to control the office of the sheriff.").

Given Plaintiff's mentioned allegations, the Court rejects Defendant Watkins' claim that Plaintiff has failed to allege sufficient facts to infer the Peoria County Sheriff's Office proximately caused Plaintiff's injuries. Within his pleading, Plaintiff asserts that Watkins maintained the policies and practices earlier mentioned, which were "the moving force driving the violation." (Doc. 1 at 11:49.)

Therefore, the Motion to Dismiss Count IV of Plaintiff's Complaint is granted as to Defendant Peoria County[1] but denied as to Defendant Watkins.

---

[1] The Court notes that Defendant Peoria County remains a party in this case for indemnification purposes as alleged in Count VI of Plaintiff's Complaint. *See Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003)

### 3. *Respondeat Superior* Claim Against Defendant Wellpath

Count V of Plaintiff's Complaint alleges a state law *respondeat superior* liability claim against Defendant Wellpath. However, within Count V, Plaintiff alleges as follows:

> 61.  Defendant Wellpath, as a for-profit, private corporation acting under color of state law, should additionally be held liable under 42 U.S.C. § 1983 for the conduct of its employees acting within the scope of their employment. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 793-75 (7th Cir. 2014).

(Doc. 1 at 13:57-62.)

In a footnote to paragraph 61, Plaintiff acknowledges that under Seventh Circuit precedent, *respondeat superior* liability under § 1983 fails to state a claim for relief. Plaintiff states that he pleads this claim for purposes of appellate court review because, in *Shields*, the Seventh Circuit noted courts "should not insulate employers from *respondeat superior* liability under § 1983 without powerful reasons to do so." *Id.* at 792.

Defendant Wellpath moves to dismiss paragraph 61 from

---

("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity.").

Count V, but "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original). However, given that Plaintiff's § 1983 allegation is inconsistent with his state law claim alleged in Count V and coupled with Plaintiff's acknowledgment, the Court construes the *respondeat superior* liability claim raised under § 1983 as a separate Count.

Despite Plaintiff's citation to *Shields*, this court is bound by the current prohibition on raising *respondeat superior* liability claims under § 1983, which the Seventh Circuit has yet to lift. *See Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) ("'Section 1983 will not support a claim based on a *respondeat superior* theory of liability.'") (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, Defendant Wellpath's Motion to Dismiss (Doc. 32) Plaintiff's *respondeat superior* liability claim under § 1983 (Doc. 32) is granted.

**IT IS THEREFORE ORDERED:**

**1) The Court GRANTS in part and DENIES in part the Motion to Dismiss (Doc. 24) filed by Defendant Watkins' and Peoria**

**County. Watkins' Motion to Dismiss the *Monell* claim alleged in Count III of Plaintiff's Complaint is DENIED. The Motion to Dismiss the state law negligence claim alleged in Count IV of Plaintiff's Complaint is granted as to Peoria County but denied as to Watkins.**

**2) The Court GRANTS Defendant Wellpath's Motion to Dismiss (Doc. 32) the *respondeat superior* claim Plaintiff alleges in Count IV of his Complaint.**

Entered September 6, 2023.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE